IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-059-MOC-DCK |
| | ) | |
| BOULOS FAMILY PROPERTIES, LLC, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# **CONSENT DECREE**

# **[Schory Defendant]**

TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | BACKGROUND | 3 |
| II. | JURISDICTION | 4 |
| III. | PARTIES BOUND | 4 |
| IV. | DEFINITIONS | 4 |
| V. | STATEMENT OF PURPOSE | 6 |
| VI. | PAYMENT OF RESPONSE COSTS | 7 |
| VII. | FAILURE TO COMPLY WITH CONSENT DECREE | 8 |
| VIII. | COVENANTS BY PLAINTIFF | 10 |
| IX. | RESERVATION OF RIGHTS BY UNITED STATES | 11 |
| X. | COVENANTS BY SETTLING DEFENDANT | 12 |
| XI. | EFFECT OF SETTLEMENT/CONTRIBUTION | 13 |
| XII. | ACCESS TO INFORMATION | 14 |
| XIII. | RETENTION OF RECORDS | 16 |
| XIV. | NOTICES AND SUBMISSIONS | 17 |
| XV. | RETENTION OF JURISDICTION | 18 |
| XVI. | INTEGRATION/APPENDICES | 18 |
| XVII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 18 |
| XVIII. | SIGNATORIES/SERVICE | 19 |
| XIX. | FINAL JUDGMENT | 19 |

# I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint in this matter against Robert G. Schory, III ("Settling Defendant") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred for response actions taken in connection with the release or threatened release of hazardous substances at the National Petroleum Packers Superfund Site in Stallings, Union County, North Carolina ("the Site").

B. In response to the release or threatened release of hazardous substances at or from the Site, EPA undertook response actions at the Site pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604. A removal action commenced on October 4, 2010, and EPA demobilized from the Site on February 10, 2011. Once the final sampling results were reported, the EPA prepared a Removal Investigation Report on April 19, 2011, concluding that no further action was necessary. The EPA removed 55-gallon drums, above-ground storage tanks, totes, and tankers, many of which were in poor condition so that they leaked or threatened to leak CERCLA hazardous substances.

C. In performing response action at the Site, EPA has incurred response costs and will incur additional response costs such as enforcement costs in the future.

D. The United States alleges that Settling Defendant is a responsible party pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), and is jointly and severally liable for response costs incurred and to be incurred at the Site.

E. The Settling Defendant does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

F. The United States has reviewed the Financial Information submitted by Settling Defendant to determine whether Settling Defendant is financially able to pay response costs incurred and to be incurred at the Site. Based upon this Financial Information, and the absence of any insurance or indemnity available to Settling Defendant in connection with the Site as

represented by Settling Defendant, the United States has determined that Settling Defendant has limited financial ability to pay for response costs incurred and to be incurred at the Site.

G. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without the admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9707 and 9613(b), and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that he may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and his heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the U.S. Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Financial Information" shall mean the financial documents identified in Appendix B.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and the Settling Defendant.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendant" shall mean Robert G. Schory, III.

"Site" shall mean the National Petroleum Packers Superfund Site, encompassing approximately 2.99 acres, located at 3501 Gribble Road in Stallings, Union County, North Carolina, and is described more particularly as that certain tract or parcel of land beginning at an old P.K Nail in the center line of S.R. 1368 (Gribble Road), said point being the southern-most corner of the property of Blazek and Teal Enterprises (now or formerly) described in Book 383, Page 273, in the Union County Public Registry and running from said Beginning point, N. 45-03-21, E. 448.17 feet to a point in the center of the right of way of Seaboard Coastline Railroad; thence, with the center of the right of way of Seaboard Coastline Railroad, S. 44-59-54, E. 270.49 feet to the corner of the property of S & O Properties; thence with the line of the S & O Properties, S. 45-06-18, W. 516.49 feet to an old railroad spike in the center line of Gribble Road; and the place of beginning; and containing 2.99 acres, more or less as shown on a survey of Samuel P. Malone Jr., N.C.R.L.S. The Site is generally depicted on Appendix A.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V. STATEMENT OF PURPOSE

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendant to make a cash payment to resolve his alleged civil liability for the Site under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607, as provided in the Covenants by Plaintiff in Section VIII, and subject to the Reservations of Rights by United States in Section IX.

## VI. PAYMENT OF RESPONSE COSTS

5. <u>Payment of Response Costs</u>. Settling Defendant shall pay to EPA the principal amount of $1,500. The payment shall be made within 30 days after the Effective Date and, if timely paid, shall include no Interest.

6. Settling Defendant shall make payment at https://www.pay.gov by Fedwire Electronic Funds Transfer "EFT" to the U.S. Department of Justice account, in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit ("FLU") of the U.S. Attorney's Office for the Western District of North Carolina after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> Kurt J. Olson, Attorney
> 3737 Glenwood Avenue, Suite 100
> Raleigh, North Carolina 27612
> Tel. 919-573-6172

on behalf of Settling Defendant. Settling Defendant may change the individual to receive payment instructions on his behalf by providing written notice to DOJ and EPA of such change in accordance with Section XIV (Notices and Submissions).

7. <u>Deposit of Payment</u>. The total amount to be paid pursuant to Paragraph 5 (Payment of Response Costs) shall be deposited by EPA in the EPA Hazardous Substance Superfund.]

8. <u>Notice of Payment</u>. At the time of payment, Settling Defendant shall send notice that payment has been made (a) to EPA in accordance with Section XIV (Notices and Submissions), (b) to DOJ in accordance with Section XIV; and (c) to the EPA Cincinnati Finance Office (CFO) at:

**EPA CFO by email**:        cinwd_acctsreceivable@epa.gov

**EPA CFO by regular mail**:	EPA Cincinnati Finance Office
26 W. Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number A4QL, and DJ #  90-11-3-10947.

## VII.	FAILURE TO COMPLY WITH CONSENT DECREE

9.	Interest on Payments . If Settling Defendant fails to make the payment required by Paragraph 5 (Payment of Response Costs) by the required due date, Interest shall accrue on the unpaid balance from the Effective Date through the date of payment.

10. <u>Stipulated Penalty</u>.

a. If any amounts due to EPA under Paragraph 5 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay, as a stipulated penalty, in addition to the Interest required by Paragraph 9, $100 per violation per day that such payment is late.

b. Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire EFT to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York, NY 10045
> Field Tag 4200 of the Fedwire message should read
> "D 68010727 Environmental Protection Agency"

Each payment shall reference the CDCS Number, Site/Spill ID Number A4QL, and DJ # 90-11-3-10947.

c. At the time of payment, Settling Defendants shall send notice that payment has been made to EPA and DOJ in accordance with Paragraph 8 (Notice of Payment).

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

11. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

12. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section VI or from performance of any other requirements of this Consent Decree.

## VIII. COVENANTS BY PLAINTIFF

14. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C. §§ 9606 and 9607(a), regarding the Site. With respect to present and future liability, these covenants shall take effect upon the Effective Date. These covenants are conditioned upon the satisfactory performance by Settling Defendant of his obligations under this Consent Decree. These covenants are also conditioned upon the veracity and completeness of the Financial Information, as well as the insurance and indemnity information provided to EPA by Settling Defendant, and the financial, insurance, and indemnity certification made by Settling Defendant in Paragraph 32. If the Financial Information or the insurance/indemnity information provided by Settling Defendant in Paragraph 32, is subsequently determined by EPA to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all payments made pursuant to this Consent Decree and these covenants and the contribution protection in Paragraph 22 shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from Settling Defendant's false or materially inaccurate information. These covenants extend only to Settling Defendant and do not extend to any other person.

## IX. RESERVATION OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within Paragraph 14 (Covenants by Plaintiff). Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. criminal liability;

    c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

    d. liability based on the ownership or operation of the Site by Settling Defendant when such ownership or operation commences after signature of this Consent Decree by Settling Defendant;

    e. liability based on Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of a hazardous substance or a solid waste at or in connection with the Site, after signature of this Consent Decree by Settling Defendant; and

    f. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Site.

16. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if the Financial Information or the insurance/indemnity information provided by Settling Defendant or the financial, insurance or indemnity certification made by Settling Defendant in Paragraph 32, is false or, in any material respect, inaccurate.

# X. COVENANTS BY SETTLING DEFENDANT

17. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Site and this Consent Decree, including but not limited to:

   a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

   b. any claim arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

   c. any claim pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law, relating to the Site.

18. Except as provided in Paragraph 20 (claims against other PRPs) and Paragraph 25 (Res Judicata and other Defenses), these covenants shall not apply in the event the United States brings a cause of action or issues an order pursuant to any of the reservations set forth in Section IX (Reservations of Rights by United States), other than in Paragraph 15.a (liability for failure to meet a requirement of the Consent Decree) or 15.b (criminal liability), but only to the extent that Settling Defendant's claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

19. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

20. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for response costs relating to the Site against any other person who is a potentially responsible party under CERCLA at the Site. This waiver shall not

apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against Settling Defendant. This waiver also shall not apply to Settling Defendant's potential contractual indemnification claim against any other party.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION

21. Except as provided in Paragraph 20 (claims against other PRPs), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2).

22. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights under the reservations in Section IX (Reservations of Rights by United States), other than in Paragraphs 15.a (liability for failure to meet a requirement of Consent Decree) or 15.b (criminal liability), the "matters addressed" in this Consent Decree will no longer include those response costs or response actions that are within the scope of the exercised reservation.

13

23. The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which Settling Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

24. Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within ten days after service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within ten days after service or receipt of any Motion for Summary Judgment, and within ten days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

25. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII. ACCESS TO INFORMATION

26. Settling Defendant shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents and other information in electronic form) (hereinafter referred to as "Records") within his possession or control or that of his contractors or agents relating to activities at the Site, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts,

reports, sample traffic routing, correspondence, or other documents or information regarding the Site.

27. Privileged and Protected Claims.

    a. Settling Defendant may assert that all or part of a Record is privileged or protected as provided under federal law, provided it complies with Paragraph 27.b, and except as provided in Paragraph 27.c.

    b. If Settling Defendant asserts a claim of privilege or protection, it shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Settling Defendant shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Settling Defendant shall retain all Records that he claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendant's favor.

    c. Settling Defendant may make no claim of privilege or protection regarding:

        (1) any data regarding the Site, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

        (2) the portion of any Record that Settling Defendant is required to create or generate pursuant to this Consent Decree.

28. Business Confidential Claims. Settling Defendant may assert that all or part of a Record submitted to Plaintiff under this Section or Section XIII (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Settling Defendant shall segregate

and clearly identify all Records or parts thereof submitted under this Consent Decree for which Settling Defendant asserts a business confidentiality claim. Records submitted to EPA determined to be confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified Settling Defendant that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Settling Defendant.

29. Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

### XIII. RETENTION OF RECORDS

30. Until five (5) years after the Effective Date, Settling Defendant shall preserve and retain all non-identical copies of Records now in his possession or control, or that come into his possession or control, that relate in any manner to his liability under CERCLA with respect to the Site, provided, however, that if Settling Defendant is potentially liable as an owner or operator of the Site, Settling Defendant must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each of the above record retention requirements shall apply regardless of any retention policy to the contrary.

31. After the conclusion of the record retention period, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, except as provided in Paragraph 27 (Privileged and Protected Claims), Settling Defendant shall deliver any such Records to EPA.

32. Settling Defendant certifies that, to the best of his knowledge and belief, after thorough inquiry, he has:

    a. not altered, mutilated, discarded, destroyed or otherwise disposed of any Records relating to his potential liability regarding the Site since notification of potential liability by the United States or the State, and that he has fully complied with any and all EPA and State requests for information regarding the Site and Settling Defendant's financial circumstances,

including but not limited to insurance and indemnity information, pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), Section 3007 of RCRA, 42 U.S.C. § 6927, and state law;

        b.    submitted to EPA financial information that fairly, accurately, and materially sets forth its financial circumstances, and that those circumstances have not materially changed between the time the financial information was submitted to EPA and the time Settling Defendant executes this Consent Decree; and

        c.    fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims relating to cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

## XIV.   NOTICES AND SUBMISSIONS

33.    Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:        eescasemanagement.enrd@usdoj.gov

**As to DOJ by regular mail**:    EES Case Management Unit
U.S. Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

Re: DJ # 90-11-3-10947

**As to EPA**:        Elisa Roberts, Regional Attorney
U.S. Environmental Protection Agency
61 Forsyth Street, S.W.
Atlanta, Georgia 30303

**As to Setting Defendant**:          Kurt J. Olson, Attorney
                                             3737 Glenwood Avenue. Suite 100
                                             Raleigh, North Carolina 27612

## XV.     RETENTION OF JURISDICTION

34. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI.     INTEGRATION/APPENDICES

35. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Site.

"Appendix B" is a list of the financial documents submitted to EPA by Settling Defendant.

## XVII.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

36. This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

37. If for any reason this Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any Party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

38. Each undersigned representative of Settling Defendant and the Deputy Chief, U.S. Department of Justice, Environment and Natural Resources Division, Environmental Enforcement Section, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

39. Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

40. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on his behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XIX. FINAL JUDGMENT

41. Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**The court incorporates by reference the Signature Pages of the proposed consent decree as well as the Appendices annexed thereto, see Docket Entry #12-1, as if fully set forth herein.**

_/s/ Max O. Cogburn Jr._
Max O. Cogburn Jr.
United States District Judge